UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY MYLES,

    Plaintiff,

vs.
                                                                       Case No. 07-CV-12247
                                                                       HON. GEORGE CARAM STEEH

WOLPOFF & ABRAMSON, LLP,

    Defendant.

_____/

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (#12) AS TO PLAINTIFF'S FEDERAL FDCPA CLAIMS,
DISMISSING PLAINTIFF'S STATE CLAIMS PURSUANT TO 28 U.S.C. § 1367(c)(3),
AND DENYING DEFENDANT'S MOTION TO DISMISS (#11) AS MOOT

    Defendant Wolpoff & Abramson, LLP (W&A) moves for dismissal and summary judgment of plaintiff Gary Myles' claims under the Fair Debt Collection Practices Act (FDCPA), the Michigan Collection Practices Act, and Michigan's Occupational Code. A hearing on the motions was held on January 14, 2008. For the reasons set forth below and at the hearing, W&A's motion for summary judgment will be GRANTED, IN PART, as to Myles' federal FDCPA claims. Myles' state law claims will be DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(3). W&A's motion to dismiss will be DENIED as MOOT.

    Myles filed a complaint on May 23, 2007 alleging he was forced to hire an attorney and defend an arbitration proceeding filed by W&A to collect an alleged credit card debt on behalf of Juniper Bank. Myles alleges in Section V of the Complaint titled "FACTUAL ALLEGATIONS" that, despite his lawyer's numerous requests, W&A refused to provide a "signed, written proof of a credit card agreement between the parties [Myles and Juniper Bank] that mandated Plaintiff had to go through arbitration." Complaint, ¶ 19. Myles

alleges that, although the arbitrator ruled in his favor on the merits, he incurred "great amounts of attorney fees and costs as a result of [W&A's] refusal to prove the case belonged in Arbitration." Complaint, ¶ 20. Myles alleges that W&A's failure to provide a signed, written agreement to arbitrate constitutes: a "false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt," 15 U.S.C. 1692e, actionable under § 1692e(2)(A), (5), and (10); conduct "the natural consequence of which is to harass, oppress, or abuse [a] person in connection with the collection of a debt," 15 U.S.C. § 1692d; and "an unfair and unconscionable means to collect or attempt to collect [a] debt, 15 U.S.C. § 1692f. In a separate claim, Myles alleges W&A's failure to provide a signed, written agreement to arbitrate constitutes violations of Michigan's Collection Practices Act (MCPA), M.C.L. § 445.257, et seq., and the Michigan Occupational Code (MOC), M.C.L. § 339.915.

The undisputed record shows that Myles opened a credit card account with Juniper Bank on December 13, 2002, and owed a balance of $4,047.46 as of February 6, 2006. W&A filed a claim against Myles with the National Arbitration Forum (NAF) on October 12, 2006 seeking $4,919.06 and $737.85 in attorney fees. Attached to the arbitration claim was a copy of a written credit card agreement providing for arbitration. The written agreement did not contain Myles' name or bear his signature. Myles' then and current Counsel sent four letters to the NAF from November 28, 2006 through January 8, 2007, with copies furnished to W&A, objecting to and seeking dismissal of the arbitration proceeding on the grounds that W&A had failed to file or provide Myles with "a copy of the original signed documents authorizing Arbitration." December 18, 2006 letter, attached to Complaint. On April 23, 2007, NAF Arbitrator John P. Gouittiere issued an Amended Order finding that "the Parties entered into an agreement providing that this matter shall be resolved through binding arbitration," then dismissed W&A's claim against Myles with

2

prejudice. April 23, 2007 Amended Order, attached to Complaint.

W&A moves for dismissal under Rule 12(b)(6) and summary judgment under Rule 56. Discovery closed on October 19, 2007. Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532. If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).

Myles' FDCPA claims, as well as his state law claims, are premised on the legal argument that a written arbitration agreement is not binding on a party unless the document providing for arbitration is signed by that party, citing the Kansas Supreme Court's decision in MBNA America Bank, N.A. v. Credit, 132 P.3d 898, 281 Kan. 655 (2006). Myles attests:

    1. I never signed anything agreeing to Arbitrate any claims under a Juniper

3

> Credit Card Agreement.
>
> 2. All I asked for was proof that I agreed to this Arbitration process.
>
> 3. I had to hire an attorney to get me out of the Arbitration I did not agree to participate in.
>
> 4. To this day, Wolpoff and Abramson has still not provided me with any proof that I signed something agreeing to Arbitrate this matter.

Myles December 21, 2007 Affidavit. Myles argues that "W&A used the process to drag Plaintiff through an Arbitration that was one-sided and paid for by Defendant."

In Credit, the Kansas Supreme Court affirmed a state district court's order vacating a $21,094.74 arbitration award entered in favor of the creditor MBNA Bank. The matter came before the Kansas district court on MBNA's motion to confirm the award and reduce it to a state court judgment; the district court construed the debtor's pro se pleadings as a motion to vacate the award on the grounds that MBNA had not provided her with a copy of the arbitration agreement. Credit, 132 P.3d at 899-900. The Kansas Supreme Court found that the debtor had timely acted to "thwart confirmation of the award," and therefore the district court had the authority to vacate the award. Id. at 900-901. The Credit court reasoned that the debtor's objection to the arbitrator, contesting the existence of an arbitration agreement, triggered MBNA's obligation under Kansas law and 9 U.S.C. § 4 of the Federal Arbitration Act (FAA) to seek court intervention in an action to compel arbitration for the purpose of litigating the issue of the agreement's existence. Id. at 900-901. In affirming the order vacating the arbitration award, the Kansas Supreme Court found that the district court acted properly in that MBNA failed to attach a copy of the arbitration agreement to its pleadings in seeking confirmation of the award, and failed to respond to the debtor's motion to vacate. Id. at 901.

The distinguishing feature of the Credit lawsuit is that it was before the state court

on the creditor's motion to confirm the arbitration award under Kansas law and the FAA, and the debtor's counter-motion to vacate the award. Credit, 132 P.3d at 900. Myles understandably does not seek to vacate the NAF's April 23, 2007 Amended Order which dismissed W&A's claims as alleged against him with prejudice. Instead, Myles makes claims independent of the FAA seeking damages and injunctive relief under the FDCPA and Michigan state law. In Nazar v. Wolpoff & Abramson, No. 07-2025-JWL, 2008 WL 43891 (D. Kan. Jan. 2, 2008), a federal district court drew the same distinction and relied upon Sixth Circuit precedent in dismissing a debtor's state law claims of the unauthorized practice of law and violation of the Kansas Consumer Protection Act as impermissible collateral attacks upon an arbitration award. "[T]he FAA 'provides the exclusive remedy for challenging conduct that taints an arbitration award within the Act's coverage.'" Nazar, 2008 WL 43891, *5 (quoting Foster v. Turley, 808 F.2d 38, 41 (10th Cir. 1986) (citing Corey v. New York Stock Exch., 691 F.2d 1205, 1211-13 (6th Cir. 1982)). "[W]here a party files a complaint in federal court seeking damages for an alleged wrongdoing that compromised an arbitration award and caused injury, 'it is no more, in substance, than an impermissible collateral attack on the award itself.'" Id. at *5 (quoting Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 205 F.3d 906, 910 (6th Cir. 2000) (quoting Corey, 691 F.2d at 1211-12)). The independent state law claims alleged in Nazar did not constitute a motion to vacate the arbitration awards at issue, and therefore the district court held that Credit was inapplicable, and dismissed the independent claims. Id. at *6.

Credit does not support Myles' broad proposition that a written arbitration agreement is not binding upon a party unless the document providing for arbitration is signed by that party. Even if it did, Credit is inapplicable because Myles does not seek to confirm or vacate the NAF's April 23, 2007 Amended Order under the FAA. A party may file a petition

to vacate or modify an award where "the award was procured by corruption, fraud, or undue means" under § 10(a) of the FAA, and may challenge the validity of the contract to arbitrate under § 2 of the FAA. <u>Decker</u>, 205 F.3d at 909. Because Myles has chosen to collaterally attack the NAF arbitration award in federal court by alleging federal claims under the FDCPA instead of utilizing the FAA's exclusive remedy for challenging arbitration awards, Myles' FDCPA claims fail as a matter of law. <u>Id</u>. at 910 (dismissing common law tort and contract claims). Construing the pleadings and evidence in a light most favorable to Myles, including Myles' affidavit attesting that he has never been provided with a copy of a signed arbitration agreement, W&A is entitled to summary judgment of Myles' claims as a matter of law. <u>Amway Distributors</u>, 323 F.3d at 390.

A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). As reasoned herein, W&A is entitled to summary judgment of Myles' federal FDCPA claims over which the court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

> "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." <u>Musson Theatrical, Inc. v. Federal Express Corp.</u>, 89 F.3d 1244, 1254 (6th Cir.1996) (citation omitted). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." <u>Id</u>. at 1254-55 (citing <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)); <u>see</u> <u>also</u> <u>Brandenburg v. Housing Authority of Irvine</u>, 253 F.3d 891, 890 (6th Cir.2001) ("In fact, the usual course is for the district court to dismiss state-law claims without prejudice if all federal claims are disposed of on summary judgment."); <u>Aschinger v. Columbus Showcase Co.</u>, 934 F.2d 1402, 1412 (6th Cir.1991) (noting that only "overwhelming interests in judicial economy may allow a district court to properly exercise its discretion and decide a pendent state claim even if the federal claim has been dismissed before trial").

<u>Andonian v. Autoalliance International, Inc.</u>, No. 01-CV-73918-DT, 2003 WL 2010745, at

*18 (Feb. 25, 2003). Pursuant to 28 U.S.C. § 1367(c)(3), and consistent with Andonian and the authority cited therein, the court will exercise its discretion and dismiss Myles remaining state law MCPA and MOC claims without prejudice. W&A's motion to dismiss under Rule 12(b)(6) will be denied as moot.

For the reasons set forth above and at the January 14, 2008 hearing, defendant W&A's motion for summary judgment is hereby GRANTED, IN PART, to the extent that plaintiff Myles' FDCPA claims are hereby DISMISSED with prejudice in their entirety. Myles' state law claims under the MCPA and MOC are hereby DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(3). W&A's motion to dismiss is hereby DENIED as MOOT.

SO ORDERED.

Dated: January 14, 2008

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 14, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Deputy Clerk

---